AO 440 (Rev. 10/93) Summons in a Civil Action - SDNY WEB 4/99

# United States District Court

_____ SOUTHERN _____    DISTRICT OF _____ NEW YORK _____

GWENDOLYN GRAY,

                        Plaintiff,                    **SUMMONS IN A CIVIL CASE**

                **V.**                               CASE NUMBER:

THE UNITED STATES OF AMERICA, WACKENHUT SERVICES,
INCORPORATED, ALUTIIQ SECURITY & TECHNOLOGY,        08    CV    0 3 2 3 3
and AFOGNAK NATIVE CORPORATION,

                        Defendants.

TO: (Name and address of defendant)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | UNITED STATES OF AMERICA | WACKENHUT SERVICES, INCORPORATED |
| c/o U.S. ATTORNEY | c/o ATTORNEY GENERAL | 7121 FAIRWAY DR., STE. 301 |
| 300 QUARROPAS ST. | 10th & PENN. AVE., N.W. | PALM BEACH GARDENS, FL  33418 |
| WHITE PLAINS, NY  10601 | WASHINGTON, DC  20530 | |
| | | ALUTIIQ SECURITY & TECHNOLOGY, LLC |
| | | AFOGNAK NATIVE CORPORATION |
| | | 3909 ARCTIC BLVD., STE. 400 |
| | | ANCHORAGE, AK  99503 |

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

FINKELSTEIN & PARTNERS, LLP
436 ROBINSON AVENUE
NEWBURGH, NY  12550

an answer to the complaint which is herewith served upon you, within ___Sixty (60)___ days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON                                    APR 0 1 2008

CLERK                                                 DATE

(BY) DEPUTY CLERK

AO 440 (Rev. 10/93) Summons In a Civil Action -SDNY WEB 4/99

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and Complaint was made by me[1] | |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐   Served personally upon the defendant.  Place where served: _____
_____

☐   Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____
_____

☐   Returned unexecuted: _____
_____
_____
_____

☐   Other *(specify)*: _____
_____
_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____        _____
  Date                                      Signature of Server

  _____
  Address of Server

(1)    As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

fail

fail

fail

ORIGINAL-WHITE          DUPLICATE-YELLOW          TRIPLICATE-PINK

**RECEIPT FOR PAYMENT**
**UNITED STATES DISTRICT COURT**
**for the**
SOUTHERN DISTRICT OF NEW YORK



E 646360

RECEIVED FROM    *Finkelstein*

*08Cr3233(RWS)*

| Fund | | |
|------|---|---|
| 6855XX | Deposit Funds | |
| 604700 | Registry Funds | |
| | General and Special Funds | |
| 508800 | Immigration Fees | |
| 085000 | Attorney Admission Fees | |
| 086900 | Filing Fees | |
| 322340 | Sale of Publications | |
| 322350 | Copy Fees | |
| 322360 | Miscellaneous Fees | |
| 143500 | Interest | |
| 322380 | Recoveries of Court Costs | |
| 322386 | Restitution to U.S. Government | |
| 121000 | Conscience Fund | |
| 129900 | Gifts | |
| 504100 | Crime Victims Fund | |
| 613300 | Unclaimed Monies | |
| 510000 | Civil Filing Fee (½) | |
| 510100 | Registry Fee | |

INVOICE #01479
DATE\TIME: 4/1/2008 11:59:45 AM
CASHIER: LATECIA
STATION: 01
==================================
1   COMPLAINT 4/06                $350.00
        086900    $60,
        510000   $190.00
        086400   $100.00
-----------------------------------
GRAND TOTAL                      $350.00

Checks and drafts are accepted subject to collection and full credit will only be given when the check or draft has been accepted by the financial institution on which it was drawn.



DEPUTY CLERK

| DATE: | | Cash | Check | M.O. | Credit |
|-------|---|------|-------|------|--------|
| | 20 | | | | |

AO 440 (Rev. 10/93) Summons in a Civil Action - SDNY WEB 4/99

# United States District Court

SOUTHERN          DISTRICT OF          NEW YORK

GWENDOLYN GRAY,

                    Plaintiff,                    **SUMMONS IN A CIVIL CASE**

              V.                              CASE NUMBER:

THE UNITED STATES OF AMERICA, WACKENHUT SERVICES,
INCORPORATED, ALUTIIQ SECURITY & TECHNOLOGY, LLC,        08 CV 03233
and AFOGNAK NATIVE CORPORATION,

                    Defendants.

TO: (Name and address of defendant)

| | |
|---|---|
| UNITED STATES OF AMERICA | UNITED STATES OF AMERICA |
| c/o U.S. ATTORNEY | c/o ATTORNEY GENERAL |
| 300 QUARROPAS ST. | 10th & PENN. AVE., N.W. |
| WHITE PLAINS, NY  10601 | WASHINGTON, DC  20530 |

WACKENHUT SERVICES, INCORPORATED
7121 FAIRWAY DR., STE. 301
PALM BEACH GARDENS, FL  33418

ALUTIIQ SECURITY & TECHNOLOGY, LLC
AFOGNAK NATIVE CORPORATION
3909 ARCTIC BLVD., STE. 400
ANCHORAGE, AK  99503

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

FINKELSTEIN & PARTNERS, LLP
436 ROBINSON AVENUE
NEWBURGH, NY  12550

an answer to the complaint which is herewith served upon you, within ___Sixty (60)___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON                              APR 0 1 2008

CLERK                                          DATE

(BY) DEPUTY CLERK

AO 440  (Rev. 10/93)  Summons In a Civil Action -SDNY  WEB 4/99

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and Complaint was made by me[1] | |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐  Served personally upon the defendant.  Place where served:  _____

☐  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left:  _____
_____

☐  Returned unexecuted:  _____
_____
_____
_____

☐  Other *(specify)*:  _____
_____
_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____        _____
           Date                                                   Signature of Server

                                           _____
                                           Address of Server

(1)    As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

File #84949-1/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------x
GWENDOLYN GRAY,

                          Plaintiff,

         -against-                           COMPLAINT

THE UNITED STATES OF AMERICA,
WACKENHUT SERVICES, INCORPORATED,
ALUTIIQ SECURITY & TECHNOLOGY, LLC and
AFOGNAK NATIVE CORPORATION,

                          Defendants.
-----------------------------------------x

       Plaintiff, by attorneys, FINKELSTEIN & PARTNERS, LLP, as and

for the Complaint herein alleges the following:

              AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF
              OF PLAINTIFF, GWENDOLYN GRAY

       1. That at all times hereinafter mentioned, the plaintiff

was and still is a resident of the County of Orange, State of New

York and the United States of America.

       2. That this action is one brought against THE UNITED STATES

OF AMERICA under and pursuant to 28 USC 1346 (b), the Federal

Tort Claims Act for the negligent act of an agent, servant and/or

employee of the defendant, THE UNITED STATES OF AMERICA. Venue

is based on 28 USC 1402(b) in that the acts or omissions

complained of occurred in the Judicial District for the Southern District of New York.

3. That the acts of negligence of the agent, servant and/or employee of the defendant, THE UNITED STATES OF AMERICA, arose on or about the 18th day of May, 2005.

4. That the applicable Claim was filed with the Staff Judge Advocate General, United States Military Academy, on or about the 4th day of December, 2007.

5. That a period of six (6) months has elapsed from the filing of a Notice of Claim and the Claim has not been adjusted nor has there been a denial submitted.

6. That all prerequisites for filing this suit have been complied with by the plaintiff pursuant to 28 USC 2401.

7. Supplemental jurisdiction exists as against the defendants, WACKENHUT SERVICES, INCORPORATED, ALUTIIQ SECURITY & TECHNOLOGY, LLC and AFOGNAK NATIVE CORPORATION, pursuant to 28 USC Section 1367.2.

8. That at all times hereinafter mentioned, upon information and belief, the defendant, WACKENHUT SERVICES, INCORPORATED, was and still is a domestic corporation organized and existing under and by virtue of the Laws of the State of New York.

9. That at all times hereinafter mentioned, upon information and belief, the defendant, WACKENHUT SERVICES, INCORPORATED, was and still is a foreign corporation duly authorized and doing

business within the State of New York.

10. That at all times hereinafter mentioned, upon information and belief, the defendant, WACKENHUT SERVICES, INCORPORATED, was and still is a business entity doing business within the State of New York.

11. That at all times hereinafter mentioned, upon information and belief, the defendant, ALUTIIQ SECURITY & TECHNOLOGY, LLC, was and still is a domestic corporation organized and existing under and by virtue of the Laws of the State of New York.

12. That at all times hereinafter mentioned, upon information and belief, the defendant, ALUTIIQ SECURITY & TECHNOLOGY, LLC, was and still is a foreign corporation duly authorized and doing business within the State of New York.

13. That at all times hereinafter mentioned, upon information and belief, the defendant, ALUTIIQ SECURITY & TECHNOLOGY, LLC, was and still is a limited liability corporation authorized to do business in the State of New York.

14. That at all times hereinafter mentioned, upon information and belief, the defendant, ALUTIIQ SECURITY & TECHNOLOGY, LLC, was and still is a business entity doing business within the State of New York.

15. That at all times hereinafter mentioned, upon information and belief, the defendant, AFOGNAK NATIVE

3

CORPORATION, was and still is a domestic corporation organized and existing under and by virtue of the Laws of the State of New York.

16. That at all times hereinafter mentioned, upon information and belief, the defendant, AFOGNAK NATIVE CORPORATION, was and still is a foreign corporation duly incorporated within the State of Alaska.

17. That at all times hereinafter mentioned, upon information and belief, the defendant, AFOGNAK NATIVE CORPORATION, was and still is a foreign corporation authorized to do business in the State of New York.

18. That at all times hereinafter mentioned, upon information and belief, the defendant, AFOGNAK NATIVE CORPORATION, was and still is a business entity doing business within the State of New York.

19. That at all times hereinafter mentioned, upon information and belief, the defendant, THE UNITED STATES OF AMERICA, was the owner of a certain hydraulic barricade located at Building #727, Arvin Gym of the United States Military Academy, West Point, County of Orange, State of New York.

20. That at all times hereinafter mentioned, upon information and belief, the defendant, THE UNITED STATES OF AMERICA, maintained the aforesaid barricade.

21. That at all times hereinafter mentioned, upon information and belief, the defendant, THE UNITED STATES OF AMERICA, managed the aforesaid barricade.

22. That at all times hereinafter mentioned, upon information and belief, the defendant, THE UNITED STATES OF AMERICA, controlled the aforesaid barricade.

23. That at all times hereinafter mentioned, upon information and belief, the defendant, THE UNITED STATES OF AMERICA, operated the aforesaid barricade.

24. That at all times hereinafter mentioned, upon information and belief, the defendant, THE UNITED STATES OF AMERICA, was the lessor of the aforesaid barricade.

25. That at all times hereinafter mentioned, upon information and belief, the defendant, THE UNITED STATES OF AMERICA, was the lessee of the aforesaid barricade.

26. That at all times hereinafter mentioned, upon information and belief, the defendant, WACKENHUT SERVICES, INCORPORATED, was the owner of a certain hydraulic barricade located at Building #727, Arvin Gym of the United States Military Academy, West Point, County of Orange, State of New York.

27. That at all times hereinafter mentioned, upon information and belief, the defendant, WACKENHUT SERVICES, INCORPORATED, maintained the aforesaid barricade.

28. That at all times hereinafter mentioned, upon information and belief, the defendant, WACKENHUT SERVICES, INCORPORATED, managed the aforesaid barricade.

29. That at all times hereinafter mentioned, upon information and belief, the defendant, WACKENHUT SERVICES, INCORPORATED, controlled the aforesaid barricade.

30. That at all times hereinafter mentioned, upon information and belief, the defendant, WACKENHUT SERVICES, INCORPORATED, operated the aforesaid barricade.

31. That at all times hereinafter mentioned, upon information and belief, the defendant, WACKENHUT SERVICES, INCORPORATED, was the lessor of the aforesaid barricade.

32. That at all times hereinafter mentioned, upon information and belief, the defendant, WACKENHUT SERVICES, INCORPORATED, was the lessee of the aforesaid barricade.

33. That at all times hereinafter mentioned, upon information and belief, the defendant, ALUTIIQ SECURITY & TECHNOLOGY, LLC, was the owner of a certain hydraulic barricade located at Building #727, Arvin Gym of the United States Military Academy, West Point, County of Orange, State of New York.

34. That at all times hereinafter mentioned, upon information and belief, the defendant, ALUTIIQ SECURITY & TECHNOLOGY, LLC, maintained the aforesaid barricade.

35. That at all times hereinafter mentioned, upon information and belief, the defendant, ALUTIIQ SECURITY & TECHNOLOGY, LLC, managed the aforesaid barricade.

36. That at all times hereinafter mentioned, upon information and belief, the defendant, ALUTIIQ SECURITY & TECHNOLOGY, LLC, controlled the aforesaid barricade.

37. That at all times hereinafter mentioned, upon information and belief, the defendant, ALUTIIQ SECURITY & TECHNOLOGY, LLC, operated the aforesaid barricade.

38. That at all times hereinafter mentioned, upon information and belief, the defendant, ALUTIIQ SECURITY & TECHNOLOGY, LLC, was the lessor of the aforesaid barricade.

39. That at all times hereinafter mentioned, upon information and belief, the defendant, ALUTIIQ SECURITY & TECHNOLOGY, LLC, was the lessee of the aforesaid barricade.

40. That at all times hereinafter mentioned, upon information and belief, the defendant, AFOGNAK NATIVE CORPORATION, was the owner of a certain hydraulic barricade located at Building #727, Arvin Gym of the United States Military Academy, West Point, County of Orange, State of New York.

41. That at all times hereinafter mentioned, upon information and belief, the defendant, AFOGNAK NATIVE CORPORATION, maintained the aforesaid barricade.

42. That at all times hereinafter mentioned, upon information and belief, the defendant, AFOGNAK NATIVE CORPORATION, managed the aforesaid barricade.

43. That at all times hereinafter mentioned, upon information and belief, the defendant, AFOGNAK NATIVE CORPORATION, controlled the aforesaid barricade.

44. That at all times hereinafter mentioned, upon information and belief, the defendant, AFOGNAK NATIVE CORPORATION, operated the aforesaid barricade.

45. That at all times hereinafter mentioned, upon information and belief, the defendant, AFOGNAK NATIVE CORPORATION, was the lessor of the aforesaid barricade.

46. That at all times hereinafter mentioned, upon information and belief, the defendant, AFOGNAK NATIVE CORPORATION, was the lessee of the aforesaid barricade.

47. That at all times hereinafter mentioned, the area of the hydraulic barricade located at Building #727 on the aforesaid premises was the situs of the accident herein.

48. That on a date prior to the 18th day of May, 2005, upon information and belief, the defendant, WACKENHUT SERVICES, INCORPORATION, did enter into a contract with the defendant, UNITED STATES OF AMERICA, to provide security guards to operate the aforesaid hydraulic barricade on said premises.

49. That on a date prior to the 18th day of May, 2005, upon

information and belief, the defendant, WACKENHUT SERVICES, INCORPORATION, did enter into an agreement with the defendant, UNITED STATES OF AMERICA, to provide security guards to operate the aforesaid hydraulic barricade on said premises.

50. That on a date prior to the 18th day of May, 2005, upon information and belief, the defendant, ALUTIIQ SECURITY & TECHNOLOGY, LLC, did enter into a contract with the defendant, UNITED STATES OF AMERICA, to provide security guards to operate the aforesaid hydraulic barricade on said premises.

51. That on a date prior to the 18th day of May, 2005, upon information and belief, the defendant, ALUTIIQ SECURITY & TECHNOLOGY, LLC, did enter into an agreement with the defendant, UNITED STATES OF AMERICA, to provide security guards to operate the aforesaid hydraulic barricade on said premises.

52. That on a date prior to the 18th day of May, 2005, upon information and belief, the defendant, AFOGNAK NATIVE CORPORATION, did enter into a contract with the defendant, UNITED STATES OF AMERICA, to provide security guards to operate the aforesaid hydraulic barricade on said premises.

53. That on a date prior to the 18th day of May, 2005, upon information and belief, the defendant, AFOGNAK NATIVE CORPORATION, did enter into an agreement with the defendant, UNITED STATES OF AMERICA, to provide security guards to operate the aforesaid hydraulic barricade on said premises.

54. That at all times hereinafter mentioned, the plaintiff was the owner and operator of a 1999 Lincoln motor vehicle, bearing License Plate #CEA1684, for the State of New York.

55. That on or about the 18th day of May, 2005, the plaintiff was lawfully operating her motor vehicle in the area of the security checkpoint at Building #727 on said premises.

56. That on or about the 18th day of May, 2005, an agent, servant and/or employee of the defendants did push a button to lower the hydraulic barrier and allowed plaintiff's motor vehicle to proceed.

57. That on or about the 18th day of May, 2005, as the plaintiff was attempting to proceed through said checkpoint, her motor vehicle did come into contact with the hydraulic barrier, causing the plaintiff to sustain severe and serious personal injuries.

58. The accident and injuries alleged herein were caused by the negligent, wanton, reckless and careless acts of the defendants herein.

59. That the defendants, their agents, servants and/or employees were negligent, wanton, reckless and careless, in among other things, in allowing, causing and/or permitting dangerous, hazardous and unsafe conditions to exist on the aforesaid premises; in failing to see that the safety lights on said hydraulic barrier were not operating properly; in failing to

repair and/or provide for the proper repair of the safety lights
on said hydraulic barrier; in allowing, causing and/or permitting
the hydraulic barrier to malfunction causing the incident herein;
in failing to see that said hydraulic barrier was not in proper
working order; in failing to repair or replace the safety lights
and in failing to repair the malfunctioning hydraulic barrier
despite ample opportunity to do so; in failing to provide closer
guidance to plaintiff as to when she could safely proceed where,
as here, the safety lights on the barrier were not operating
properly and the barrier itself was malfunctioning; in failing to
direct plaintiff as to when she could safely proceed; in
allowing, causing and/or permitting security guards to permit
plaintiff's motor vehicle to proceed over said barrier when said
barrier was not completely lowered; in hiring inept, incompetent
and unskilled agents, servants and/or employees; in knowing that
said hydraulic barrier was malfunctioning and failing to correct
same, but still failing to provide direction or warning; in
failing to maintain, check and/or inspect said hydraulic barrier
on said premises; in creating a trap; in failing to remedy or
take precautionary steps in reference to the aforementioned
conditions; in failing to inspect and report same to persons on
said premises; in failing to take those steps necessary to avoid
the contingency which occurred; in failing to use that degree of
caution, prudence and care which was reasonable and proper under

11

the controlling circumstances; in failing to take those steps necessary to avoid the contingency which occurred; in acting with reckless disregard for the safety of others, and in other ways being negligent, wanton, reckless and careless.

60. That the defendants, their agents, servants and/or employees had actual and/or constructive notice of the dangerous and defective conditions in that the conditions existed for a sufficient length of time prior to the happening of the within accident and in the exercise of reasonable care, the defendant could have and should have had knowledge and notice thereof, and further, the defendants, their agents, servants and/or employees created said conditions.

61. The limited liability provisions of C.P.L.R. 1601 do not apply pursuant to one or more of the exceptions of C.P.L.R. 1602.

62. That by reason of the foregoing, the plaintiff was caused to sustain severe and serious personal injuries to her mind and body, some of which, upon information and belief, are permanent with permanent effects of pain, disability, disfigurement and loss of body function. Further, the plaintiff was caused to expend and become obligated for diverse sums of money as a result of this accident; the plaintiff further was caused to lose substantial periods of time from her normal vocation, and upon information and belief, may continue in that way into the future and suffer similar losses.

12

63. That by reason of the foregoing, the plaintiff was damaged in the sum of FIVE MILLION ($5,000,000.00) DOLLARS.

AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF
OF PLAINTIFF, GWENDOLYN GRAY

64. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph numbered "1" through "61" of the First Cause of Action, with the same force and effect as if more fully set forth herein at length.

65. That by reason of the foregoing, the plaintiff's motor vehicle was damaged in the sum of FOUR THOUSAND FOUR HUNDRED TWENTY FIVE ($4,425.00) DOLLARS.

WHEREFORE, plaintiff demands judgment against the defendants as follows:

(1) The sum of $5,000,000.00 on the First Cause of Action, and

(2) The sum of $4,425.00 on the Second Cause of Action, together with the costs and disbursements of this Action.

Yours, etc.,

FINKELSTEIN & PARTNERS, LLP
Attorneys for Plaintiff
Office & P.O. Address
436 Robinson Avenue
Newburgh, New York 12550

BY: _Eleanor Polimeni_
ELEANOR POLIMENI, ESQ.

Index No.                          Year 20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GWENDOLYN GRAY

Plaintiff(s)

-against-

THE UNITED STATES OF AMERICA, WACKENHUT SERVICES,
INCORPORATED, ALUTIIQ SECURITY & TECHNOLOGY, LLC and
AFOGNAK NATIVE CORPORATION,

Defendant(s)

## COMPLAINT

### FINKELSTEIN & PARTNERS, LLP

*Attorneys for*

Plaintiff(s)

436 ROBINSON AVENUE

NEWBURGH, N.Y. 12550

(845) 562-0203

---

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

Dated:                              Signature

                                    Print Signer's Name

---

*Service of a copy of the within* ............................................. *is hereby admitted.*

Dated:

                                    Attorney(s) for

---

**PLEASE TAKE NOTICE**

☐ *that the within is a (certified) true copy of a*

NOTICE OF ENTRY    *entered in the office of the clerk of the within named Court on*                              20

☐ *that an Order of which the within is a true copy will be presented for settlement to the*

NOTICE OF SETTLEMENT    *Hon.*                              *one of the judges of the within named Court,*

*at*

*on*                    20            *at*                    *M.*

Dated:

                                    **FINKELSTEIN & PARTNERS, LLP**

*Attorneys for*

                                    436 ROBINSON AVENUE

                                    NEWBURGH, N.Y. 12550

To: