UNITED STATES DISTRICT CORUT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
GWENDOLYN GRAY,                                   Case No.: 08-CV-03233
                                                   (RS)   (THK)
             Plaintiff,

    -against-                                  ANSWER WITH
                                                  AFFIRMATIVE
THE UNTIED STATES OF AMERICA,                     DEFENSES AND
WACKENHUT SERVICES, INCORPORATED,                 <u>CROSS CLAIM</u>
ALUTIIQ SECURITY & TECHNOLOGY, LLC and
AFOGNAK NATIVE CORPORATION,,                      TRIAL BY JURY
                                                  <u>IS REQUESTED</u>
             Defendants.


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

      The defendant, **WACKENHUT SERVICES, INCORPORATED**, by their attorneys, AHMUTY, DEMERS & McMANUS, ESQS., as and for their answer to the plaintiff's complaint, alleges upon information and belief:

### AS AND FOR AN ANSWER TO A FIRST CAUSE OF ACTION

      1.    Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs designated "1", "2", "5", "6", "11", "12", "13", "14", "15","16", "17", "18", "19", "20". "21", "22", "23", "24", "25", "33", "34", "35", "36", "37", "38", "39", "40", "41", "42", "43", "44", "45", "46","50", "51", "52", "53" and "54"  of the complaint.

      2.    Denies upon information and belief each and every allegation contained in paragraphs designated "3","56", "58", "59" and "60" of the complaint as to this answering defendant, **WACKENHUT SERVICES, INCORPORATED**, otherwise denies having

knowledge or information sufficient to form a belief and refer all questions of law to this Honorable Court.

3. Denies upon information and belief each and every allegation contained in paragraphs designated "4" of the complaint and beg leave to refer to said claim at time of trial.

4. Denies upon information and belief each and every allegation contained in paragraphs designated "7", "26", "27", "28", "29", "30", "31", "32", "47", "48", "49", "55", "57", "61" and "62" of the complaint and refer all questions of law to this Honorable Court.

5. Denies upon information and belief each and every allegation contained in paragraphs designated "8" and "63" of the complaint.

## AS AND FOR AN ANSWER TO A SECOND CAUSE OF ACTION

6. Defendant, **WACKENHUT SERVICES, INCORPORATED**, repeats, reiterates and realleges each and every denial in answer to the paragraphs designated "1" through "61" as if more specifically set forth in answer to paragraph designated "64" of the complaint and each and every part thereof.

7. Denies upon information and belief each and every allegation contained in paragraphs designated "65" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

8. That the personal injuries and/or damages alleged to have been sustained by the plaintiff were caused entirely or in part through the culpable conduct of the plaintiff, without any negligence on the part of the answering defendant and the answering defendant seeks a dismissal or reduction in any recovery that may be had by the plaintiff in the proportion which the culpable

conduct, attributable to the plaintiff, bears to the entire measure of responsibility for the occurrence.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

9. Pursuant to CPLR 1603, this answering defendant asserts the limitations contained in CPLR 1601 and 1602 and all rights contained therein.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

10. That plaintiff has failed to comply with C.P.L.R. 3016(g) in that the plaintiff has not sustained a serious injury, as defined in Section 5102(d) of the Insurance Law, or economic loss greater than basic economic loss, as defined in Section 5102(a) of the Insurance Law.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

11. Upon information and belief, any past or future costs or expenses incurred or to be incurred by the plaintiff for medical care, dental care, custodial care or rehabilitative services, loss of earnings or other economic loss, has been or will with reasonable certainty be replaced or indemnified in whole or in part from collateral source as defined in Section 4545(c) of the New York Civil Practice Law and Rules.

12. If any damages are recoverable against said defendants, the amount of such damages shall be diminished by the amount of the funds which plaintiff has or shall receive from such collateral source.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

13. That the plaintiff assumed the risk related to activity causing the injuries sustained.

**AS AND FOR A CROSS COMPLAINT OVER
AND AGAINST THE CO-DEFENDANTS
THE UNTIED STATES OF AMERICA,
ALUTIIQ SECURITY & TECHNOLOGY, LLC
and AFOGNAK NATIVE CORPORATION,
THIS DEFENDANT
WACKENHUT SERVICES, INCORPORATED
<u>ALLEGES UPON INFORMATION AND BELIEF</u>:**

14.     That if the plaintiff was caused to sustain personal injuries and resulting damages at the time and place set forth in the plaintiff' complaint and in the manner alleged therein, through any carelessness, recklessness, acts, omissions, negligence and/or breaches of duty and/or warranty and/or contract, other than of the plaintiff, then the said injuries and damages arose out of the several and joint carelessness, recklessness, acts, omissions, negligence and breaches of duty and/or obligation and/or Statute and/or Warranty and/or contract in fact or implied in law, upon the part of the co-defendants, with indemnification and save harmless agreement and/or responsibility by them in fact and/or implied in law and without any breaches or any negligence of the answering defendant contributing thereto; and if the answering defendant is found liable as to the plaintiff for the injuries and damages as set forth in the plaintiff's complaint, then, and in that event, the relative responsibilities of all said defendants in fairness must be apportioned by a separate determination in view of the existing factual disparity, and the said co-defendants herein will be liable over jointly and severally to the answering defendant and bound to fully indemnify and hold the answering defendant harmless for the full amount of any verdict or judgment that the plaintiff herein may recover against the answering defendant in this action, including all costs of investigation, disbursements, expenses and attorney's fees incurred in the defense of this action and in the conduct of this cross complaint.

WHEREFORE, the defendant, **WACKENHUT SERVICES, INCORPORATED**, demands judgment dismissing the plaintiff's complaint on the merits; and if the plaintiff is found to have contributed to the accident or damages, that any damages be reduced in proportion to which the plaintiff may be found to have so contributed to the accident or damages and further demands judgment over and against the co-defendants THE UNITED STATES OF AMERICA, ALUTIIQ SECURITY & TECHNOLOGY, LLC and AFOGNAK NATIVE CORPORATION,

on the cross claim, for the amount of any judgment obtained against the answering defendant by plaintiff or any other party or on the basis of the apportionment of responsibility in such amounts as a jury or Court may direct together with the costs, disbursements and expenses of this action including attorney's fees.

Dated:    Albertson, New York
          May 15, 2008

                                          BY:    FRANK J. PECORELLI, JR. (8839)
                                          AHMUTY, DEMERS & McMANUS, ESQS.
                                          Attorneys for Defendant-
                                          **WACKENHUT SERVICES, INCORPORATED**
                                          200 I.U. Willets Road
                                          Albertson, New York  11507
                                          (516) 294-5433
                                          File No.:   WAC 051508 FJP

TO:    FINKELSTEIN & PARTNERS, LLP
       Attorneys for Plaintiff
       436 Robinson Avenue
       Newburgh, NY 12550
       (845) 562-0203
       (845) 562-3492 (fax)

# AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK)
                    ) S.S.:
COUNTY OF NASSAU )

    CHAROLETTE RUBIO being duly sworn deposes and says: deponent is not a party to the action, is over 18 years of age and resides at West Islip, New York.

    On May 16, 2008 deponent served the within ANSWER WITH AFFIRMATIVE DEFENSES AND CROSS CLAIM upon the following attorneys at their respective addresses, the addresses designated by said attorneys for that purpose, by depositing a true copy of same enclosed in a post-paid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York:

TO:    FINKELSTEIN & PARTNERS, LLP
         Attorneys for Plaintiff
         436 Robinson Avenue
         Newburgh, NY 12550

                                          _____
                                            CHAROLETTE RUBIO

Sworn to before me this
16th day of May, 2008

_____
    NOTARY PUBLIC, N.Y.S.