UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

GWENDOLYN GRAY,                          :
                                         :
              Plaintiff,                 :
                                         :
        - against -                      :
                                         :
UNITED STATES OF AMERICA,                :        08 Civ. 3233 (RWS)
WACKENHUT SERVICES,                      :        ECF Case
INCORPORATED, ALUTIIQ                    :
SECURITY & TECHNOLOGY, LLC               :
and AFOGNAK NATIVE                       :
CORPORATION,                             :
                                         :
              Defendants.                :
                                         :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x


## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS THE
## COMPLAINT AND THE CROSS CLAIMS PURSUANT TO FED. R. CIV. P. 12(B)(1)


MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
Attorney for Defendant
The United States of America
86 Chambers Street
New York, New York  10007
Tel. No.: (212) 637-2718
Fax No.:  (212) 637-2786
david.bober@usdoj.gov


DAVID BOBER
Assistant United States Attorney
      - Of Counsel -

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    A.   Plaintiff's Allegations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    B.   Plaintiff's Administrative Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    C.   The Government's Contract with Alutiiq . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    POINT I -
        PLAINTIFF'S FTCA CLAIM IS BARRED BECAUSE, AS A
        FEDERAL EMPLOYEE, HER EXCLUSIVE REMEDY IS A CLAIM
        UNDER FECA . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    POINT II -
        PLAINTIFF'S FTCA CLAIM IS BARRED BY THE
        FTCA'S INDEPENDENT CONTRACTOR EXCEPTION . . . . . . . . . . . . . . . . . . . . 10

    POINT III -
        ANY CLAIM AGAINST THE GOVERNMENT FOR
        NEGLIGENT HIRING OR SUPERVISION OF THE INDEPENDENT
        CONTRACTORS IS BARRED BY 28 U.S.C. § 2680(a) . . . . . . . . . . . . . . . . . . . . . 14

    POINT IV -
        THE CROSS CLAIMS ARE BARRED BY FECA . . . . . . . . . . . . . . . . . . . . . . . . . . 16

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

## TABLE OF AUTHORITIES

*Cases*:                                                                     **Page**

B & A Marine Co., Inc. v. Am. Foreign Shipping Co., 23 F.3d 709 (2d Cir. 1994) . . . . . . . . .  12

Bennett v. Barnett, 210 F.3d 272 (5th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

Berkovitz v. United States, 486 U.S. 531 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  14, 15

Carter v. United States, No. 96 Civ. 9139 (MBM),
    1998 WL 744009 (S.D.N.Y.Oct. 26, 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  13, 14

City of New York v. FDIC, 40 F. Supp. 2d 153 (S.D.N.Y.1999) . . . . . . . . . . . . . . . . . . . . . . . .  8

Diaz v. U.S. Postal Serv., No. 02 Civ. 8892 (NRB),
    2003 WL 21767530 (S.D.N.Y. Jul. 31, 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  13

Dillard v. Runyon, 928 F. Supp. 1316 (S.D.N.Y. 1996),
    aff'd, 108 F.3d 1369 (2d Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

Ezekiel v. Michel, 66 F.3d 894 (7th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7-8

Fisko v. U.S. Gen. Servs. Admin., 395 F. Supp. 2d 57 (S.D.N.Y. 2005) . . . . . . . . . . .  11, 13, 15

Forshaw v. United States, No. 96-CV-0150,
1998 WL 641357 (N.D.N.Y. Sept. 14, 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  13

Heilman v. United States, 731 F.2d 1104 (3d Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

Hentnik v. United States, No. 02 Civ. 9498 (DC),
    2003 WL 22928648 (S.D.N.Y. Dec. 10, 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12, 15

Hightower v. United States, 205 F. Supp. 2d 146 (S.D.N.Y. 2002) . . . . . . . . . . . . . . . . . . . .  2, 6

Jordan v. Pritchard, No. C-3-97-274,
    1998 WL 1572761 (S.D. Ohio, June 12, 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  16

Lane v. Pena, 518 U.S. 187 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

Leone v. United States, 910 F.2d 46 (2d Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  11, 12

Lockheed Aircraft Corp. v. United States, 460 U.S. 190 (1983) . . . . . . . . . . . . . . . . . . . . . . .  7, 16

In re McAllister Towing & Transportation Co., 432 F.3d 216 (3d Cir. 2005)  . . . . . . . . . . . . .  16

McCall v. United States, 901 F.2d 548 (6th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

Millares Guiraldes de Tineo v. United States, 137 F.3d 715 (2d Cir. 1998) . . . . . . . . . . . . . .  10

Moe v. United States, 326 F.3d 1065 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

Rivera-Lopez v. Action Services Corp., 914 F. Supp. 17 (D. Puerto Rico 1996) . . . . . . . . . . .  16

Roditis v. United States, 122 F.3d 108 (2d Cir. 1997)  . . . . . . . . . . . . . . . . . . . . . . . . .  10, 11, 12

Shivcharan v. United States, No. 04 Civ. 1296 (SJ),
    2005 WL 408046 (E.D.N.Y. Feb. 15, 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  11, 13

Southwest Marine, Inc. v. Gizoni, 502 U.S. 81 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7, 9

United States v. Gaubert, 499 U.S. 315 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  14, 15

United States v. Mitchell, 445 U.S. 535 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

United States v. Mitchell, 463 U.S. 206 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

United States v. Varig Airlines, 467 U.S. 797 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  15

Votteler v. United States, 904 F.2d 128 (2d Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

Walls Industries, Inc. v. United States, 958 F.2d 69 (5th Cir. 1992) . . . . . . . . . . . . . . . . . . . .  16

White v. United States, 143 F.3d 232 (5th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

*Federal Statutes*:

5 U.S.C. § 8101(1)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

5 U.S.C. § 8102(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

5 U.S.C. § 8116(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

5 U.S.C. § 8128(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

5 U.S.C. § 8145 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

28 U.S.C. § 1346(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

28 U.S.C. § 2671 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

28 U.S.C. § 2679(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

28 U.S.C. § 2680(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  13

Federal Employee's Compensation Act ("FECA"), 5 U.S.C. § 8101 et seq . . . . . . . . . . . . . .  1, 6

Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346 . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

***Rules and Regulations*:**

Fed. R. Civ. P. 12(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

## PRELIMINARY STATEMENT

Defendant the United States of America (the "Government") respectfully submits this memorandum of law in support of its motion to dismiss the complaint of the plaintiff Gwendolyn Gray, and the cross-claims of defendants Alutiiq Security & Technology LLC ("Alutiiq"), Afognak Native Corporation ("Afognak"), and Wackenhut Services, Incorporated ("Wackenhut") (collectively, the "Contractor Defendants"), for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Plaintiff, a civilian employee of the United States Military Academy at West Point, brings this action against the Government and the Contractor Defendants pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-80, alleging that she was injured when she drove her car into a security barrier during the course of her employment on the campus of West Point. Plaintiff contends that the defendants were collectively negligent in failing to maintain and operate the security barrier in a reasonably safe manner. She seeks $5 million in personal injury damages and $4,425.00 for property damage to her car. The Contractor Defendants have asserted cross-claims against the Government for indemnification.

All of the claims against the Government should be dismissed for a number of reasons. First, Gray cannot proceed against the United States under the FTCA because a federal employee's exclusive remedy against the federal government for work-related injuries is provided by the Federal Employee's Compensation Act ("FECA"), 5 U.S.C. § 8101 et seq. In July 2005, less than two months after the accident, Gray filed a claim for compensation under FECA with the Department of Labor, in which she certified under penalty of perjury that her injuries were "sustained by me while in the course of performance of my duty for the United States." The Department of Labor found that Gray was within the scope of her employment at the time of the accident, but denied her claim because she had failed to provide sufficient medical evidence

establishing that she had been injured.  Courts have routinely dismissed FTCA claims under these circumstances because, as one court in this District has explained: "[w]here FECA applies, federal courts have no jurisdiction to entertain FTCA claims asserted by an injured federal employee." Hightower v. United States, 205 F. Supp. 2d 146, 151 (S.D.N.Y. 2002).

Second, even if FECA were not Gray's exclusive remedy, subject matter jurisdiction does not exist over a tort claim against the Government unless the claim falls within the provisions of the FTCA that waive the Government's sovereign immunity.  To establish liability under this statute, plaintiff must show that her alleged injuries resulted "from the negligent or wrongful act or omission of any employee of the Government."  28 U.S.C. § 2679(b)(1) (emphasis added).  Here, plaintiff's claims rest upon the alleged acts and omissions of independent contractors who had been contracted by the Government to operate the security barrier with which plaintiff collided. Because the contractors are not "employee[s] of the Government," plaintiff's claims against the Government are outside the scope of the FTCA and should be dismissed.  In addition, to the extent plaintiff asserts that her claim against the Government arises from its alleged negligent supervision or hiring of its contractors, the claim is barred by the discretionary-function exception to the FTCA.  It is well-settled that the selection and supervision of contractors is a discretionary function and cannot form the basis for liability under the FTCA.

Finally, the cross-claims asserted against the Government should be dismissed because FECA bars suits against the United States for contribution and indemnification by joint tortfeasors under these circumstances.

## STATEMENT OF FACTS

### A.    Plaintiff's Allegations

In the instant complaint (the "Complaint"), Gray alleges that on May 18, 2005, she was driving her car on the campus of West Point when she collided with a "hydraulic barrier" at a security checkpoint.  See Complaint ¶¶ 3, 54-57.  She alleges that the accident was caused by the "negligent, wanton, reckless and careless acts of the defendants."  Complaint ¶ 58.  The Complaint alleges that the Government entered into contracts with the Contractor Defendants "to provide security guards to operate the aforesaid hydraulic barricade on said premises," Complaint ¶¶ 48, 50, 52, and that the defendants collectively allowed "hazardous and unsafe conditions to exist" that caused her accident.  Complaint ¶ 59.

### B.    Plaintiff's Administrative Claims

On or about July 9, 2005, Gray filed an administrative claim for compensation under FECA with the United States Department of Labor, Office of Workers' Compensation Programs. See Claim for Compensation, attached as Exhibit A to the Declaration of David Bober ("Bober Declaration").  In making her administrative claim, Gray certified under penalty of perjury that "I hereby make claim for compensation because of injury sustained by me while in the performance of my duty for the United States."  Id.  On January 25, 2006, the Department of Labor issued a written decision denying the claim.  See Notice to the Claimant, attached as Exhibit B to the Bober Declaration.  The Department of Labor claims examiner found that FECA coverage existed, noting that it was "uncontested that [Gray] experienced the employment incident at the time, place, and in the manner alleged," but nonetheless denied the claim because Gray's "medical

evidence" was "insufficient to establish that [she] sustained an injury in connection with the reported incident." Id.

On April 9, 2007, Gray filed an administrative claim for damages under the FTCA. See Claim for Injury, Damage, or Death, attached as Exhibit C to the Bober Declaration. In the administrative claim, Gray sought $4,423.43 in property damage and $3 million for alleged personal injuries. Id. On March 25, 2008, the Department of the Army, Office of the Judge Advocate General, denied Gray's claim. See Letter from Col. Charles D. Hayes, Tort Claims Division Chief, to Debra J. Reisenman, Esq., dated Mar. 25, 2008, attached as Exhibit D to the Bober Declaration. The decision denying the claim explained that Gray, "[a]s a federal employee alleging an on-the-job injury," could not recover under the FTCA because her exclusive remedy was under FECA. Id. The decision noted that Gray had filed a FECA claim with the Department of Labor, and that "[w]hile there was a dispute as to the actual version of what transpired . . . , [the Department of Labor] did agree that there was an employment incident at the gate"; therefore, Gray's injury was not compensable under the FTCA. Id. In addition, the decision noted that the Army had undertaken an independent investigation and determined that Gray's own negligence caused the accident. Id.[1] Finally, the decision noted that independent contractors were responsible for operation of the security barrier, and that no Government employee had control of the hydraulic barricades at the time of the accident. Id. Because the Government is not liable

---

[1] A Military Police Report completed the day of the accident indicated that Gray "failed to observe and struck the hydraulic barricade." Military Police Report, attached as Exhibit E to Bober Declaration. The Report further indicated that Gray "complained of minor chest pain, but denied medical attention." Id. She was found to have been driving with a suspended registration, and received a citation. Id. The report concluded that there were no "reports of injury." Id.

under the FTCA for the negligence of independent contractors, the Army denied Gray's claim on

that basis as well.  Id.[2]

## C.    The Government's Contract with Alutiiq

On February 28, 2005, the Government entered into a "Performance Work Statement"

("PWS") with Alutiiq, under which Alutiiq agreed "to provide security guard services."  See PWS

¶ C.1.1, attached as Exhibit G to the Bober Declaration.[3]  The PWS provided that "[t]he primary

objective of the PWS is to facilitate the overall security of installations and activities by employing

contractor personnel to augment existing security forces."  Id. at ¶ C.1.1.  The PWS further

provided that "the Contractor" – i.e., Alutiiq – "shall furnish all personnel, equipment, and

supplies, except as specified herein as Government furnished," id.,[4] and that Alutiiq was

responsible for installing, operating, and maintaining all equipment, material, and supplies.  Id.

¶ C.4.6.

The differing responsibilities of the Government and Alutiiq were clearly outlined in the

PWS.  First, Alutiiq was required to furnish "fully trained and qualified personnel to accomplish

---

[2]  Gray also asserted a claim with Alutiiq's private insurance company.  See Letter from First
Mercury Insurance Company, dated July 13, 2007, attached as Exhibit F to the Bober
Declaration.  The insurance company denied Gray's claim because it found that Gray had
collided with the hydraulic barrier on her own and not due to the negligence of any Alutiiq
employee.  Id.

[3]  Alutiiq is a subsidiary of Afognak.  See http://alutiiq.com/companies.php.  Wackenhut was a
subcontractor to Alutiiq under the PWS.  See Bober Declaration ¶ 9.

[4]  The equipment to be furnished by the Government under the PWS included telephones,
"heat, light, and other utilities," "security guard working space . . . i.e., guard shacks, ACP posts,
vehicle inspection points, etc.," standard US Army and Government forms, email and internet
access, "telefax capability," a Government identification card, security vehicles, keys, access to a
firearms training range, classrooms for training purposes, and an arms storage facility.  PWS at
¶ C.3.

all work as identified in the PWS." Id. at ¶ C.5.1.2.  Furthermore, "[a]ll Contractor personnel shall be employees of the Contractor at all times and not employees of the US Government." Id.  The PWS also explicitly delegated responsibility for maintaining a safe work site.  Pursuant to its provisions, Alutiiq was required to "establish and maintain an accident prevention program" that "conform[ed] to requirements of applicable Army regulations." Id. at ¶ C.7.5.  In addition, the PWS stated:

> C.7.4.  Quality Control.  Quality Control is the responsibility of the Contractor. The Contractor shall establish and implement a system of supervisory checks and controls to ensure that the minimum requirements and standards outlined in the [PWS] are met.

Id. at C.7.4.1.

Finally, Alutiiq was required to provide a "Chief of Guards" with "administrative and supervisory experience in security or law enforcement" who would be responsible for "supervis[ing] all personnel required to perform the security guard services" and the "operational functions and duties required in the performance of this contract." Id. ¶ C.5.4.

## ARGUMENT

### POINT I

### PLAINTIFF'S FTCA CLAIM IS BARRED BECAUSE, AS A FEDERAL EMPLOYEE, HER EXCLUSIVE REMEDY IS A CLAIM UNDER FECA

Congress enacted FECA, 5 U.S.C. § 8101 et seq., to compensate federal workers for work-related injuries.  See 5 U.S.C. § 8102(a) ("The United States shall pay compensation as specified by this subchapter for the disability or death of an employee resulting from personal injury sustained while in the performance of [her] duty.").  "FECA is the exclusive remedy for work-related injuries sustained by federal employees." Votteler v. United States, 904 F.2d 128, 130 (2d

Cir. 1990); <u>see also</u> <u>Hightower</u>, 205 F. Supp. 2d at 151 ("FECA provides the exclusive remedy

against the federal government for work-related injuries sustained by federal employees"). The

statute provides, in pertinent part:

> The liability of the United States . . . under this subchapter . . . with
> respect to the injury or death of an employee is exclusive and instead
> of all other liability of the United States . . . to the employee . . . and
> any other person entitled to recover damages from the United States
> . . . because of the injury or death in a direct judicial proceeding, in a
> civil action, . . . or under a Federal tort liability statute.

5 U.S.C. § 8116(c). As the Supreme Court has explained,

> [FECA] was designed to protect the Government from suits under
> statutes, such as the Federal Tort Claims Act, that had been enacted
> to waive the Government's sovereign immunity. In enacting this
> provision, Congress adopted the principal compromise – the "quid
> pro quo" – commonly found in workers' compensation legislation:
> employees are guaranteed the right to receive immediate, fixed
> benefits, regardless of fault and without need for litigation, but in
> return they lose the right to sue the Government.

<u>Lockheed Aircraft Corp. v. United States</u>, 460 U.S. 190, 193-94 (1983).

Congress has determined that "[t]he Secretary of Labor shall administer, and decide all

questions arising under [FECA]," 5 U.S.C. § 8145, and that the Secretary's decisions are "final

and conclusive for all purposes and with respect to all questions of law and fact," and are "not

subject to review by another official of the United States or by a court by mandamus or otherwise."

5 U.S.C. § 8128(b)(1)-(2). Thus, if the Secretary of Labor determines that FECA applies, district

courts lack jurisdiction to consider a federal employee's FTCA claim. <u>See</u> <u>Southwest Marine, Inc.</u>

<u>v. Gizoni</u>, 502 U.S. 81, 90 (1991) ("FECA contains an unambiguous and comprehensive provision

barring any judicial review of the Secretary of Labor's determination of FECA coverage.

Consequently, the courts have no jurisdiction over FTCA claims where the Secretary determines

that FECA applies.") (internal citations and quotation marks omitted); <u>accord</u> <u>Ezekiel v. Michel</u>,

66 F.3d 894, 898 (7th Cir. 1995) ("Under [FECA], the Secretary of Labor is vested with the power

to administer, and decide all questions arising under the FECA and the Secretary's action in

denying or granting compensation is final, conclusive and not subject to review by a court of

law.") (citation omitted).

Here, there is no question that FECA bars Gray's FTCA claim. First, Gray was a federal

employee. She indicated as much in her claim for damages under the FTCA, where she wrote that

she "was employed by the United States Military Academy at West Point."[5] Bober Declaration

Exhibit C.[6] Moreover, the Department of Labor specifically found that FECA was applicable

because Gray was an "employee of the federal government." Notice to the Claimant, attached as

Exhibit B to the Bober Declaration. Second, by her own admission, she was acting within the

scope of her employment when she was injured. <u>See</u> Claim for Compensation, attached as Exhibit

A to Bober Declaration (wherein Gray certified, under penalty of perjury, that "I hereby make

claim for compensation because of the injury sustained by me while in the performance of my duty

for the United States").

---

[5] FECA defines an "employee" as "a civil officer or employee in any branch of the Government of the United States, including an officer or employee of an instrumentality wholly owned by the United States." 5 U.S.C. § 8101(1)(A); <u>see also, e.g.</u>, <u>White v. United States</u>, 143 F.3d 232, 233-34 (5th Cir. 1998) (assuming that civilian employee of the Department of the Army was federal employee for purposes of FECA); <u>McCall v. United States</u>, 901 F.2d 548, 549-50 (6th Cir. 1990) (FECA applied to civilian "contract specialist" who fell and sustained injuries during course of employment at Air Force base in Ohio).

[6] In considering this motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the Court may consider evidence extrinsic to the pleadings. <u>See, e.g.</u>, <u>City of New York v. FDIC</u>, 40 F. Supp. 2d 153, 160 (S.D.N.Y. 1999) (citing <u>Kamen v. AT & T Co.</u>, 791 F.2d 1006, 1011 (2d Cir.1986)).

In addition, the Department of Labor did not deny Gray's claim for lack of coverage, but for lack of proof. Specifically, it found that Gray was acting within the scope of her employment, noting in its decision that it was "uncontested that [Gray] experienced the employment incident at the time, place and manner alleged." Notice to the Claimant, attached as Exhibit B to the Bober Declaration. As noted above, this finding by the Department of Labor is "final and conclusive for all purposes and with respect to all questions of law and fact," and "not subject to review by another official of the United States or by a court by mandamus or otherwise." 5 U.S.C. § 8128(b)(1)-(2). Thus, because Gray was a federal employee whose injuries arose out of her federal employment, her exclusive remedy lies with FECA, and the Court lacks jurisdiction over her FTCA claim. As one Circuit has explained,

> employees may not bring FTCA claims that arise out of federal employment relationships until they submit the claim to the Secretary of Labor for a determination of FECA coverage. While [plaintiff] submitted her claim, it was not denied because of lack of coverage under the FECA, but for lack of proof. By ruling on the sufficiency of the evidence, the Secretary thought coverage existed. Thus, the district court [lacks] jurisdiction to try the claim.

Bennett v. Barnett, 210 F.3d 272, 277 (5th Cir. 2000); see also, e.g., Heilman v. United States, 731 F.2d 1104, 1110 n.6 (3d Cir. 1984) ("If FECA is applicable . . . i.e., if the injury is suffered in the course of the employee's duty, then it would not matter whether the cause of the injury was an intentional or negligent act. Jurisdiction would not lie in either event."); Southwest Marine, 502 U.S. at 90 (courts lack jurisdiction over FTCA claims when Department of Labor determines that FECA applies); Moe v. United States, 326 F.3d 1065, 1068 (9th Cir. 2003) ("A plaintiff need only allege a colorable claim under FECA for our courts to lose jurisdiction over an FTCA action.").

**POINT II**

**PLAINTIFF'S FTCA CLAIM IS BARRED BY THE
FTCA'S INDEPENDENT CONTRACTOR EXCEPTION**

It is well-settled that the "United States, as sovereign, is immune from suit save as it consents to be sued . . . , and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Mitchell, 445 U.S. 535, 538 (1980) (citation and internal quotation marks omitted). In other words, the Government cannot be sued without its consent, and "the existence of consent is a prerequisite for jurisdiction." United States v. Mitchell, 463 U.S. 206, 212 (1983). Although Congress can waive the Government's sovereign immunity through clear and unequivocal statutory language, waivers of sovereign immunity and their conditions must be strictly applied against the claimant. See Lane v. Pena, 518 U.S. 187, 192 (1996); Millares Guiraldes de Tineo v. United States, 137 F.3d 715, 719 (2d Cir. 1998). Accordingly, if the Government has not waived its sovereign immunity, or if the conditions under which the Government has agreed to waive that immunity have not been met, federal subject matter jurisdiction does not exist over the plaintiff's claims. See Dillard v. Runyon, 928 F. Supp. 1316, 1322 (S.D.N.Y. 1996), aff'd, 108 F.3d 1369 (2d Cir. 1997).

Although the FTCA provides a limited waiver of the Government's sovereign immunity, see Millares Guiraldes de Tineo, 137 F.3d at 719, it does so only with respect to claims against the United States that seek money damages for personal injury "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1) (emphasis added). The FTCA defines Government "employees" as "officers or employees of any federal agency, . . . and persons acting on behalf of a federal agency in an official capacity." 28 U.S.C. § 2671. A "federal agency" includes "executive

10

departments, the judicial and legislative branches, the military departments, independent

establishments of the United States, and corporations primarily acting as instrumentalities or

agencies of the United States, but does not include any contractor with the United States." Id.

(emphasis added); see also Leone v. United States, 910 F.2d 46, 49 (2d Cir. 1990). "If the injuries

alleged in a complaint were caused by an independent contractor, the FTCA does not waive

sovereign immunity for that claim, and it must be dismissed for lack of subject matter

jurisdiction." Fisko v. U.S. Gen. Servs. Admin., 395 F. Supp. 2d 57, 62 (S.D.N.Y. 2005) (citing

United States v. Orleans, 425 U.S. 807, 814 (1976)) (Sweet, J.); Roditis v. United States, 122 F.3d

108, 111 (2d Cir. 1997) (per curiam) ("sovereign immunity precludes suits against the United

States for injuries caused by its independent contractors")); see also Fraser v. United States, 490

F. Supp. 2d 302 (E.D.N.Y. 2007) (dismissing FTCA complaint for lack of subject matter

jurisdiction where worker's injuries caused by independent contractor).

     Here, subject matter jurisdiction over Gray's FTCA claim thus depends upon whether

Alutiiq – the corporation with which the Government contracted to operate the security barrier –

was an independent contractor or Government "agency" or Government employee under the

FTCA. The determination as to whether an entity is a federal employee or an independent

contractor is a question of federal law, see Leone, 910 F.2d at 49, which is determined by the terms

of the entity's contract with the Government, see Hentnik v. United States, No. 02 Civ. 9498 (DC),

2003 WL 22928648, at *4 (S.D.N.Y. Dec. 10, 2003); see also Shivcharan v. United States, No. 04

CV 1296 (SJ), 2005 WL 408046, at *2 (E.D.N.Y. Feb. 15, 2005) (denying plaintiff's request for

discovery concerning whether contracting entity was a federal agency or independent contractor,

because this issue was an issue of law governed by the terms of the contract between the

Government and the entity in question).  Among the factors that will support a finding that the

entity is a federal agency or federal employee (rather than an independent contractor) are "if the

Government enjoys the power to control the detailed physical performance of the contractor . . . or

if the Government in fact supervises the day-to-day operations."  B & A Marine Co., Inc. v. Am.

Foreign Shipping Co., 23 F.3d 709, 713 (2d Cir. 1994) (internal quotations and citations omitted).

Neither the retention of a right to inspect the progress of a contractor's project nor the reservation

of broad supervisory powers to control a contractor's compliance with the contract's specifications

will suffice to establish the agency relationship necessary for FTCA jurisdiction over the

Government.  See, e.g., Roditis, 122 F.3d at 111 ("the government's retention of a right to inspect .

. . does not convert a contractor into a federal employee"); Leone, 910 F.2d at 50 (entity was

independent contractor where Government acted "generally as an overseer"); Hentnik, 2003 WL

22928648, at *4 ("Where the Government has no contractual right to control the contractor['s]

physical performance or supervise its day-to-day operations, but instead reserves the right to

inspect the contractor['s] performance only to ensure compliance with the terms of the contract,

the Government cannot be held liable for the acts of its independent contractor[.]").

In this case, Gray cannot meet her jurisdictional burden of demonstrating that Alutiiq (and,

in turn, Afognak and Wackenhut) – the entities responsible for the safe operation of the security

barrier in question – was a federal agency or employee under the FTCA.  As noted above, the

relationship between the Government and Alutiiq is determined by the terms of their contract.

That contract charged Alutiiq with responsibility for furnishing "fully trained and qualified

personnel," PWS ¶ C.5.1.2, maintaining all equipment, materials, and supplies, id. ¶ C.4.6,

maintaining a safe work site, id. ¶ C.7.5, conforming the work site to applicable Army regulations,

id., quality control, id. ¶ C.7.4, supervising security guard personnel, id. ¶ C.5.4, operational

functions, id., and establishing a system of checks and balances to ensure that minimum safety

requirements were met, id. ¶ C.7.5.  In short, the PWS "expressly delegated responsibility" for

safety, supervision, and daily operations of the site to Alutiiq, and required Alutiiq to comply with

all applicable regulations.  Forshaw v. United States, No. 96-CV-0150, 1998 WL 641357, at *2

(N.D.N.Y. Sept. 14, 1998).  In view of all these circumstances, Alutiiq constituted a "contractor"

under the FTCA as a matter of law, and the Government's motion to dismiss should be granted.

See, e.g., Fisko, 395 F. Supp. 2d at 63 (granting motion to dismiss where contract "charged [the

contractor] with responsibility for maintenance" and the Government "did not exercise control

over the detailed physical performance or supervise the day-to-day activities"); Shivcharan, 2005

WL 408046, at *2 (granting motion to dismiss pursuant to independent contractor exception where

contract provided that contractor would maintain projects in safe condition, provide day-to-day

maintenance, and take health and safety precautions to protect workers); Diaz v. U.S. Postal Serv.,

No. 02 Civ. 8892 (NRB), 2003 WL 21767530, at **1-2 (S.D.N.Y. Jul. 31, 2003) (granting motion

to dismiss where contract obligated contractor to provide all labor and materials to complete

renovations, have competent superintendent on-site at all times, and indemnify the United States

for any injuries that resulted from its work); Carter v. United States, No. 96 Civ. 9139 (MBM),

1998 WL 744009, at **2-3 (S.D.N.Y. Oct. 26, 1998) (granting motion to dismiss, or, in the

alternative, for summary judgment, where contracts delegated responsibility for renovation,

maintenance, and cleaning to contractors; contractor responsible for renovation also agreed to be

responsible for any damages to persons as a result of its negligence and to directly superintend the

project); Forshaw, 1998 WL 641357, at *2 (dismissing complaint where contract "expressly

delegated responsibility for worker safety . . . [and] supervision and control of the construction" to the contractor).

Accordingly, the Government has not waived its sovereign immunity for the alleged negligent actions of Alutiiq, Afognak, and Wackenhut, and the Complaint should be dismissed.

**POINT III**

**ANY CLAIM AGAINST THE GOVERNMENT FOR NEGLIGENT HIRING OR
SUPERVISION OF THE INDEPENDENT CONTRACTORS
IS BARRED BY 28 U.S.C. § 2680(a)**

To the extent that the Complaint can be read to include a claim that the Government is liable for negligently supervising its contractors, or that it was negligent in selecting its contractors, any such claims are barred by the "discretionary function" exception to the FTCA. The discretionary function exception provides that no claims may be brought against the Government that are "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). The purpose of the discretionary function exception is to "prevent judicial second-guessing of legislative and administrative decisions grounded in social, economic and political policy through the medium of an action in tort." United States v. Gaubert, 499 U.S. 315, 323 (1991) (internal quotation marks and citation omitted).

To determine whether the act or omission complained of constitutes a "discretionary function," the Supreme Court has developed a two-part test. First, courts are to consider whether the challenged actions were truly discretionary and involved "an element of judgment or choice," or "whether they were instead controlled by mandatory statutes or regulations." Id. at 322, 328;

14

see also Berkovitz v. United States, 486 U.S. 531, 544 (1988) (exception does not preclude suits alleging the violation of a "specific mandatory directive").  If an employee violates a mandatory regulation, then there is no protection from liability because the action was contrary to policy, and the discretionary function exception therefore does not apply.  See Gaubert, 499 U.S. at 322, 324.  Second, "assuming the challenged conduct involves an element of judgment, a court must determine whether the judgment is of the kind that the discretionary function exception was designed to shield."  Berkovitz, 486 U.S. at 536.  Here, the plaintiff can point to no mandatory and specific regulation, and thus does not satisfy the first prong of the Gaubert test.  Put simply, the Government was not required to hire a particular contractor or to engage in a particular degree of oversight over the independent contractor it chose.

As to the second prong of the test, it is well-settled that the selection and supervision of contractors is a discretionary function and cannot form the basis for liability under the FTCA.  See, e.g., United States v. Varig Airlines, 467 U.S. 797, 819-20 (1984) (extent of supervision is discretionary function "of the most basic kind"); Hentnik, 2003 WL 22928648, at *4 ("It is well settled that the selection and supervision of contractors is a discretionary function."); Carter, 1998 WL 744009, at *4 ("Courts have repeatedly held that the selection and supervision of contractors is a discretionary function, and thus cannot result in governmental liability."); Fisko, 395 F. Supp. 2d at 65 (same).

Consequently, the Court also lacks subject matter jurisdiction over the Complaint with respect to any claims of negligent selection or supervision.

**POINT IV**

**THE CROSS CLAIMS ARE BARRED BY FECA**

Defendants Wackenhut, Alutiiq, and Afognak have asserted cross claims for indemnification and contribution against the Government.  See Wackenhut Answer ¶ 14, Alutiiq/Afognak Answer ¶¶ 66-67.  Although FECA's exclusive-liability provision "does not directly bar a third-party indemnity action against the United States," Lockheed Aircraft Corp. v. United States, 460 U.S. 190, 199 (1983), the cross claims nonetheless should be dismissed because numerous courts have held that FECA indirectly bars suits against the United States for contribution and indemnification by joint tortfeasors under these circumstances.  See, e.g., In re McAllister Towing & Transp. Co., 432 F.3d 216, 225-26 (3d Cir. 2005) (dismissing third-party claim by contractor against United States; "[b]ecause FECA immunizes the United States from such liability, there can be no claim for contribution as a matter of law"); Walls Indus., Inc. v. United States, 958 F.2d 69, 71-72 (5th Cir. 1992) (affirming dismissal of third-party complaint for indemnification and contribution against the United States because "in some cases, such as this one, the FECA has the effect of indirectly barring a third-party indemnity action"); Jordan v. Pritchard, No. C-3-97-274, 1998 WL 1572761, at *5 (S.D. Ohio June 12, 1998) ("[T]hird-party claims against the United States for negligence, which resulted in injuries to a federal employee, are barred."); Rivera-Lopez v. Action Servs. Corp., 914 F. Supp. 17, 20 (D. Puerto Rico 1996).

## **CONCLUSION**

For all the foregoing reasons, the Court should dismiss the complaint and the cross-claims against the Government in their entirety.

Dated:          New York, New York
                July 9, 2008


                                        MICHAEL J. GARCIA
                                        United States Attorney for the
                                        Southern District of New York
                                        Attorney for defendant
                                        the United States of America

                                By:     ____/s/   David Bober_____
                                        DAVID BOBER
                                        Assistant United States Attorney
                                        86 Chambers Street
                                        New York, New York 10007
                                        Tel:  (212) 637-2718
                                        Fax:  (212) 637-2786
                                        david.bober@usdoj.gov