UNITED STATES DISTRICT CORUT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
GWENDOLYN GRAY,                                    Case No.: 08-CV-03233
                                                        (RS)   (THK)
                    Plaintiff,

         -against-                                 **DEFENDANT WACKENHUT SERVICES INCORPORATED'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND TANGIBLE THINGS TO THE PLAINTIFF**

THE UNTIED STATES OF AMERICA,
WACKENHUT SERVICES, INCORPORATED,
ALUTIIQ SECURITY & TECHNOLOGY, LLC and
AFOGNAK NATIVE CORPORATION.,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**PLEASE TAKE NOTICE** that pursuant to Fed.R.Civ.P. 34, the defendant, WACKENHUT SERVICES, INCORPORATED, by its attorneys, AHMUTY, DEMERS & McMANUS, ESQS., hereby requests that the plaintiff produce the documents set forth below for inspection and copying at the offices of Ahmuty, Demers & McManus, located at 200 I.U. Willets Road, Albertson, New York, 11507, at 10:00 A.M. on September 12, 2008.

**PLEASE TAKE FURTHER NOTICE** that the following definitions shall apply to all discovery requests contained herein:

(1) The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

(2) The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed.R.Civ.P. 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within

the meaning of this term.

(3) When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(4) When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

(5) The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

(6) The term "person" is defined as any natural person or any business, legal or governmental entity or association.

(7) The term "concerning" means relating to, referring to, describing, evidencing or constituting.

**PLEASE TAKE FURTHER NOTICE** that the following rules of construction shall apply to all discovery requests contained herein:

(1) The terms "all" and "each" shall be construed as all and each.

(2) The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that

might otherwise be construed to be outside of its scope.

(3) The use of the singular form of any word includes the plural and vice versa.

**REQUESTS**

1. Duly executed and acknowledged written authorizations of the plaintiff permitting the undersigned to secure the records, charts, bills and other documentation, including x-rays, of:

   a) All hospitals, clinics and/or other health care facilities in which the injured plaintiff herein was treated or confined due to the occurrence set forth in the complaint;

   b) All treating, examining and or consulting physicians and/or other health care providers relating to the injured plaintiff herein;

   c) All pharmacies from where the injured plaintiff herein purchased prescription medication for a period of one (1) year preceding the underlying occurrence to the present;

   d) All hospitals or other facilities, in which the plaintiff was treated or confined and all physicians and/or health care providers who treated, examined or consulted with the injured plaintiff prior to the underlying occurrence for any injury or condition claimed to have been aggravated or exacerbated in the underlying occurrence or for any prior injury or condition affecting the same, related or adjacent body parts claimed to have been injured in the occurrence underlying this action.

   e) The foregoing authorizations shall be directed to the appropriate hospital, physician, etc., with complete address of same and indicating any hospital or account number, dates of confinement or treatment and issued and executed in favor of the undersigned not more than thirty (30) days before receipt by the undersigned.

2. Any and all hospital and/or medical records and/or reports and all other records in the plaintiff's control or custody, having as their subject matter, referring to, or evidencing injuries and/or treatment provided to the plaintiff and pertaining in any way to the injuries alleged in the plaintiff's complaint.

3. The names and addresses of all physicians or other health care providers, who have treated, examined or consulted with the plaintiff for each of the conditions allegedly caused by, or exacerbated by, the occurrence described in the complaint, including the date of such treatment or examination.

4. Detailed narrative reports of all physicians and health care providers who will testify at the trial of this action regarding their treatment and care of, or consultation with the plaintiff. Said reports must identify any other medical documentation, including x-rays and technicians' reports relied upon or intended to be offered as evidence in the plaintiff's behalf.

5. All recorded and/or written statements, signed or unsigned and/or those maintained by electronic means, made by witnesses to plaintiff's alleged incident and/or injuries and all written transcripts of all oral statements made by such persons, having their subject matter, referring to, or evidencing plaintiff's alleged incident and/or injuries.

6. All bills, receipts, canceled checks or other documents evidencing items of damages to plaintiff arising out of the incident alleged in the plaintiff's complaint.

7. All recorded and/or written statements, signed or unsigned and/or those maintained by electronic means, made in reference to the plaintiff's alleged incident and/or injuries and all written transcripts of all oral statements made having their subject matter, referring to, or evidencing plaintiff's alleged incident and/or injuries, which were made by this defendant, WACKENHUT SERVICES, INCORPORATED, its agents, employees, directors, managers or any other person affiliated with this defendant.

8. All photographs, motion pictures, digital photographs, videotapes and other visual reproductions or copies thereof relating to the following:

    a)    Those relating to, depicting or in any way having as their subject matter the plaintiff's alleged injuries;

    b)    Those relating to, depicting or in any way having as their subject matter any machinery, equipment, gear, appliance, device, apparatus, tool, instrument, etc., which the plaintiff claims was involved in, exacerbated or was a proximate cause thereof any injuries sustained by the plaintiff or in anyway relating to the alleged incident; and

    c)    Those relating to, depicting or in any way having as their subject matter the site where the plaintiff's alleged incident took place.

9.    All documents allegedly supporting plaintiff's claims that this defendant, WACKENHUT SERVICES, INCORPORATED, was negligent in any way.

10.    All documents purportedly supporting plaintiff's claims that this defendant, WACKENHUT SERVICES, INCORPORATED, had any notice, constructive, actual or otherwise of the alleged dangerous condition, machinery, equipment, gear, appliance, device, apparatus, tool, instrument, etc. present at the site where the alleged incident occurred, which the plaintiff claims was involved in, exacerbated or was a proximate cause thereof any injuries sustained by the plaintiff or in anyway relating to the alleged incident.

11.    All documents purportedly supporting plaintiff's claims that this defendant, WACKENHUT SERVICES, INCORPORATED, had any control over, or any ability to exert control over the alleged dangerous condition, machinery, equipment, gear, appliance, device, apparatus, tool, instrument, etc. present at the site where the alleged incident occurred, which the plaintiff claims was involved in, exacerbated or was a proximate cause thereof any injuries sustained by the plaintiff or in anyway relating to the alleged incident.

12.    All diaries, records or computerized time logs showing dates which the plaintiff missed work due to her alleged injuries.

13. Duly executed, properly addressed authorizations allowing this defendant, WACKENHUT SERVICES, INCORPORATED, to obtain copies of:

    a) Employment records; and

    b) Any and all primary or collateral source insurance policies held by the plaintiff.

14. All documents, bills, invoices, receipts and/or cancelled checks concerning indemnification, payment and/or reimbursements, in whole or in part, which the plaintiff has received from collateral sources, including but not limited to insurance, social security, workers compensation or employee benefit programs for the cost of medical care, custodial care, rehabilitation services, loss of earnings and other economic loss which the plaintiff will claim as special damages in this action.

15. All documents submitted to the Social Security Administration, the plaintiff's employer or any other agency, by or on behalf of the plaintiff, to obtain medical, vacation, pension and/or disability benefits, along with:

    a) Duly executed and properly addressed authorizations for the release of said records.

16. A duly executed and properly addressed I.R.S. Form 4506 allowing for the release of the plaintiff's income tax returns for the years 2005, 2006, 2007 and 2008. Also provide two forms of identification for the plaintiff, as is the requirement of the Internal Revenue Service.

17. Duly executed and properly addressed authorizations for the release of records held by the Social Security Administration relating to the plaintiff's claims for disability, Medicare and/or Medicaid benefits.

18. The names and addresses of all persons who were eyewitnesses to the occurrence.

19. The names and addresses of all persons who will testify on the issue of notice, actual or constructive, concerning the condition of the premises as alleged in the Complaint.

20. Any written or recorded statement taken of this party or its agents, servants, employees or representatives by any party or any party's representative.

21. Copies of any correspondence between the parties regarding this accident or the events leading up to this accident.

22. All writings and/or documents made by the defendant, WACKENHUT SERVICES, INCORPORATED, including but not limited to bills, records and any other memoranda in the possession or control of the plaintiff, or plaintiff's representative and/or attorneys.

23. Any documents that will be used in support of any claim or defense raised by the plaintiff.

24. Any documents that must be produced pursuant to Fed.R.Civ.P. 26(a)(1)(A), et seq.

25. Any and all documents relating to the claim filed with the Staff Judge Advocate General, United States Military Academy, including any and all documents that set forth the extent and nature of the injuries sustained by the plaintiff and any and all computations of actual damages.

26. All documents submitted by or on behalf of the plaintiff to the United States Department of Labor with respect to the plaintiff's claim for compensation under the Federal Employees Compensation Act, (5 U.S.C. § 8101 et. Seq.), to obtain medical, vacation, pension

and/or disability benefits, along with any responses or decisions issued by the United States Department of Labor concerning any and all claims made pertaining to the subject accident, along with:

    a)    Duly executed and properly addressed authorizations for the release of said records.

**PLEASE TAKE FURTHER NOTICE** that if any document(s) described and/or requested above are not produced, state with sufficient detail:

    a)    The date of the document;

    b)    The author of the document;

    c)    A summary of the subject matter of the document; and

    d)    The grounds, reasons and/or objections to producing said document.

**PLEASE TAKE FURTHER NOTICE** that these requests are deemed to be continuing in nature and plaintiff shall supplement or amend any responses to these requests as responses become available.

**PLEASE TAKE FUTHER NOTICE** that this defendant reserves the right to supplement or amend these requests as necessary; consistent with the provisions of the Federal Rules of Civil Procedure.

DATED:    Albertson, New York
               August 12, 2008

                BY:    FRANK J. PECORELLI, JR.(8839)
AHMUTY, DEMERS & McMANUS, ESQS.
Attorneys for Defendant
**WACKENHUT SERVICES, INCORPORATED**
200 I.U. Willets Road
Albertson, New York 11507
(516) 294-5433
File No.: WAC 051508 FJP

TO:    Eleanor Louise Polimeni, Esq.
       Finkelstein & Partners, LLP
       Attorneys for Plaintiff
       436 Robinson Avenue
       Newburgh, NY 12550
       (845) 562-0203
       Fax: (845) 562-3492 (fax)

       David Vincent Bober, Esq.
       Assistant United States Attorney
       U.S. Attorney's Office, SDNY
       Attorney for the United States of America
       86 Chambers Street
       New York, NY 10004
       (212) 637-2718
       Fax: (212) 637-2786

       Steven P. Orlowski, Esq.
       Lester, Schwab, Katz and Dwyer LLP
       Attorney for Defendants Alutiiq Security
       & Technology, LLC, and
       Afognak Native Corporation.
       120 Broadway
       New York, NY 10271
       (212) 964-6611
       Fax: (212) 267-5913