UNITED STATES DISTRICT CORUT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| GWENDOLYN GRAY,<br><br>                Plaintiff,<br><br>  -against-<br><br>THE UNTIED STATES OF AMERICA,<br>WACKENHUT SERVICES, INCORPORATED,<br>ALUTIIQ SECURITY & TECHNOLOGY, LLC and<br>AFOGNAK NATIVE CORPORATION.,<br><br>                Defendants. | Case No.: 08-CV-03233<br>    (RS)  (THK)<br><br>**DEFENDANT<br>WACKENHUT<br>SERVICES<br>INCORPORATED'S<br>FIRST REQUEST FOR<br>PRODUCTION OF<br>DOCUMENTS AND<br>TANGIBLE THINGS TO<br>ALL DEFENDANTS** |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

     **PLEASE TAKE NOTICE** that pursuant to Fed.R.Civ.P. 34, the defendant, WACKENHUT SERVICES, INCORPORATED, by its attorneys, AHMUTY, DEMERS & McMANUS, ESQS., hereby requests that THE UNTIED STATES OF AMERICA, ALUTIIQ SECURITY & TECHNOLOGY, LLC and AFOGNAK NATIVE CORPORATION produce the documents set forth below for inspection and copying at the offices of Ahmuty, Demers & McManus, located at 200 I.U. Willets Road, Albertson, New York, 11507, at 10:00 A.M. on September 12, 2008.

     **PLEASE TAKE FURTHER NOTICE** that the following definitions shall apply to all discovery requests contained herein:

     (1) The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

     (2) The term "document" is defined to be synonymous in meaning and equal in scope to

the usage of this term in Fed.R.Civ.P. 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

(3) When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(4) When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

(5) The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

(6) The term "person" is defined as any natural person or any business, legal or governmental entity or association.

(7) The term "concerning" means relating to, referring to, describing, evidencing or constituting.

**PLEASE TAKE FURTHER NOTICE** that the following rules of construction shall apply to all discovery requests contained herein:

(1) The terms "all" and "each" shall be construed as all and each.

(2) The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

(3) The use of the singular form of any word includes the plural and vice versa.

**REQUESTS**

1.     All recorded and/or written statements, signed or unsigned and/or those maintained by electronic means, made by witnesses to the plaintiff's alleged incident and/or injuries and all written transcripts of all oral statements made by such persons, having their subject matter, referring to, or evidencing plaintiff's alleged incident and/or injuries.

2.     All recorded and/or written statements, signed or unsigned and/or those maintained by electronic means, made in reference to the plaintiff's alleged incident and/or injuries and all written transcripts of all oral statements made having their subject matter, referring to, or evidencing plaintiff's alleged incident and/or injuries, which were made by this defendant, WACKENHUT SERVICES, INCORPORATED, its agents, employees, directors, managers or any other person affiliated with this defendant.

3.     All photographs, motion pictures, digital photographs, videotapes and other visual reproductions or copies thereof relating to the following:

    a)    Those relating to, depicting or in any way having as their subject matter the plaintiff's alleged injuries;

    b)    Those relating to, depicting or in any way having as their subject matter any machinery, equipment, gear, appliance, device, apparatus, tool, instrument, etc., which the plaintiff claims was involved in, exacerbated or was a proximate cause thereof any injuries sustained by the plaintiff or in anyway relating to the alleged incident; and

   c) Those relating to, depicting or in any way having as their subject matter the site where the plaintiff's alleged incident took place.

 4. All documents purportedly supporting plaintiff's claims that this defendant, WACKENHUT SERVICES, INCORPORATED, had any notice, constructive, actual or otherwise of the alleged dangerous condition, machinery, equipment, gear, appliance, device, apparatus, tool, instrument, etc. present at the site where the alleged incident occurred, which the plaintiff claims was involved in, exacerbated or was a proximate cause thereof any injuries sustained by the plaintiff or in anyway relating to the alleged incident.

 5. All documents purportedly supporting plaintiff's claims that this defendant, WACKENHUT SERVICES, INCORPORATED, had any control over, or any ability to exert control over the alleged dangerous condition, machinery, equipment, gear, appliance, device, apparatus, tool, instrument, etc. present at the site where the alleged incident occurred, which the plaintiff claims was involved in, exacerbated or was a proximate cause thereof any injuries sustained by the plaintiff or in anyway relating to the alleged incident.

 6. All documents submitted to the Social Security Administration, the plaintiff's employer or any other agency, by or on behalf of the plaintiff, to obtain medical, vacation, pension and/or disability benefits, along with:

 7. The names and addresses of all persons who were eyewitnesses to the occurrence.

 8. The names and addresses of all persons who will testify on the issue of notice, actual or constructive, concerning the condition of the premises as alleged in the Complaint.

 9. Any written or recorded statement taken of this party or its agents, servants, employees or representatives by any party or any party's representative.

10. Copies of any correspondence between the parties regarding this accident or the events leading up to this accident.

11. Any documents that will be used in support of any claim or defense raised by any party hereto.

12. Any documents that must be produced pursuant to Fed.R.Civ.P. 26(a)(1)(A), et seq.

13. Any and all documents relating to the claim filed with the Staff Judge Advocate General, United States Military Academy, including any and all documents that set forth the extent and nature of the injuries sustained by the plaintiff and any and all computations of actual damages.

14. All documents submitted by or on behalf of the plaintiff to the United States Department of Labor with respect to the plaintiff's claim for compensation under the Federal Employees Compensation Act, (5 U.S.C. § 8101 et. Seq.), to obtain medical, vacation, pension and/or disability benefits, along with any responses or decisions issued by the United States Department of Labor concerning any and all claims made pertaining to the subject accident.

15. Any administrative decisions and or any investigation notes, documents or memorandum made or used in support of any decision rendered pertaining to the plaintiff's claim under the Federal Torts Claims Act or the Federal Employees Compensation Act.

16. Any daily, weekly, monthly, quarterly, and/or annual post reports; maintenance logs; and/or operations reports submitted by any defendant hereto to The United States of America, The United States Department of Justice, The Unites States Army, The United States

Military Academy at West Point, New York, and/or any Department of the United States Government with respect to the operation of the security post at issue in this litigation.

17. Any and all documents pertaining to the criminal citation issued by the United States Army, Military Police, following the subject accident of the within litigation.

18. Any and all accident reports, incident reports, statements or narratives detailing the subject accident.

19. Any and all contracts, agreements, memorandums and/or riders/exhibits between the defendants herein pertaining to the post assignment at The United States Military Academy that is the subject matter of the within litigation.

**PLEASE TAKE FURTHER NOTICE** that if any document(s) described and/or requested above are not produced, state with sufficient detail:

  a) The date of the document;

  b) The author of the document;

  c) A summary of the subject matter of the document; and

  d) The grounds, reasons and/or objections to producing said document.

**PLEASE TAKE FURTHER NOTICE** that these requests are deemed to be continuing in nature and plaintiff shall supplement or amend any responses to these requests as responses become available.

**PLEASE TAKE FUTHER NOTICE** that this defendant reserves the right to supplement or amend these requests as necessary; consistent with the provisions of the Federal Rules of Civil Procedure.

DATED:   Albertson, New York
         August 12, 2008

                                BY:   FRANK J. PECORELLI, JR.(8839)
                                AHMUTY, DEMERS & McMANUS, ESQS.
                                Attorneys for Defendant
                                **WACKENHUT SERVICES, INCORPORATED**
                                200 I.U. Willets Road
                                Albertson, New York  11507
                                (516) 294-5433
                                File No.:   WAC 051508 FJP

TO:   Eleanor Louise Polimeni, Esq.
      Finkelstein & Partners, LLP
      Attorneys for Plaintiff
      436 Robinson Avenue
      Newburgh, NY 12550
      (845) 562-0203
      Fax: (845) 562-3492 (fax)

      David Vincent Bober, Esq.
      Assistant United States Attorney
      U.S. Attorney's Office, SDNY
      Attorney for the United States of America
      86 Chambers Street
      New York, NY 10004
      (212) 637-2718
      Fax: (212) 637-2786

      Steven P. Orlowski, Esq.
      Lester, Schwab, Katz and Dwyer LLP
      Attorney for Defendants Alutiiq Security
      & Technology, LLC, and
      Afognak Native Corporation.
      120 Broadway
      New York, NY 10271
      (212) 964-6611
      Fax: (212) 267-5913